## UNITED STATES DISTRICT COURT          EASTERN DISTRICT OF TEXAS

MARK RANDALL BRISTER,                    §
                                         §
               Petitioner,               §
                                         §
*versus*                                 §    CIVIL ACTION NO. 1:16-CV-511
                                         §
DIRECTOR, TDCJ-CID,                      §
                                         §
               Respondent.               §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Mark Randall Brister, a prisoner currently confined at the Ellis Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be denied on the merits (docket entry no. 50).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner objections are merely reassertions of his arguments made and considered by the Magistrate Judge. In conducting a *de novo* review, this court can find no error in the determinations of the Magistrate Judge. Petitioner has simply failed to show the State court

findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings as to each claim asserted. Petitioner's objections are overruled.

This court can also find no error in the findings of the Magistrate Judge with respect to petitioner's claim of insufficiency of the evidence. The Magistrate Judge reviewed the appellate court decision that addressed this claim as the last reasoned opinion on the matter and determined that the assessment of the credibility of witnesses is generally beyond the scope of review under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). As outlined by the Magistrate Judge, "[t]he jury had broad discretion, as trier of fact, to 'resolve conflicts in the testimony, to weigh evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Report and Recommendation, pg. 25 (citing *Green v. Johnson*, 160 F.3d 1029, 1047 (5th Cir. 1998) (quoting *Jackson*, 443 U.S. at 319)). Having independently reviewed the record, the Magistrate Judge found nothing unreasonable in the state court's application of *Jackson*. This court can find no error in that determination and petitioner's objection is overruled.

This court can also find no error in the determination that petitioner's request for discovery should be denied. As outlined by the Magistrate Judge, the Dispatch Record and the Arrest Report were not part of the state court record on habeas review. The Supreme Court of the Untied States has held that "the record under review is limited to the record in existence at that same time, *i.e.*, the record before the state court." *Blue v. Thaler*, 665 F.3d 647, 655-56 (5th Cir. 2011). As the records requested by petitioner were not referenced nor relied upon by the state court during

habeas review, they would not be properly presented for consideration on federal habeas review. *Shore v. Davis*, 845 F.3d 627, 632 (5th Cir. 2017) (per curiam). Petitioner has failed to show good cause for requesting third party discovery and this objection is overruled.

Finally, petitioner continues to assert that the state habeas court should not have relied on trial counsel's affidavit as the state habeas court had to issue a contempt order in order to get counsel to respond and file the affidavit. Petitioner alleges trial counsel was somehow under duress in making the affidavit. Petitioner argues the state habeas court and the Magistrate Judge gave "undo weight" to the affidavit. Objections, pg. 11. Petitioner's allegation of duress is conclusory and based on speculation.

Petitioner also informs the court that trial counsel has since been deemed ineligible to practice law in the State of Texas. Correspondence (docket entry no. 53). Petitioner attaches a photocopy of a computer screen that indicates attorney Keith Ellis is no longer eligible to practice law in Texas. *Id.*, pg. 4. An independent review of the State Bar of Texas website reveals that attorney Keith Ellis' law license was suspended at the time the state habeas court issued the contempt order in order to obtain an affidavit from trial counsel. The state habeas court also sat as the trial court during the underlying criminal proceeding.[1] As such, the state trial court, also sitting as the state habeas court, was in the best position to judge the credibility of counsel's performance during trial and the credibility of the affidavit. In sum, petitioner has failed to establish that the State court findings with petitioner's ineffective assistance of counsel claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in

---

[1] The state habeas court and trial court judge was the Honorable Courtney Arkeen.

a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings as to each claim asserted.

## ORDER

Accordingly, the objections of the plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED.** A Final Judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that the issues are subject to debate among jurists of reason or worthy of encouragement to proceed further. As a result, a certificate of appealability

shall not issue in this matter.

SIGNED at Beaumont, Texas, this 10th day of March, 2020.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE